IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LAMONTE EALY,

Plaintiff,

v.

JAYDEN MCCULLICK, LT. GRATZ, CAPT. THOMAS TAYLOR, PATRICK HINDMAN, JOSEPH HARWOOD, MICHAEL FERAN, SHANE TANNER, and GIAN MAZNETT

Defendants.

OPINION and ORDER

26-cv-444-jdp

---

Plaintiff Lamonte Ealy, proceeding without counsel, has filed an amended complaint in response to my screening order dismissing his previous complaint. Ealy alleges that he has been the target of gang violence at the Wisconsin Secure Program Facility (WSPF) and that prison staff have failed to protect him. He also alleges that staff issued him conduct reports in retaliation for complaining about safety concerns.

The next step is for me to screen Ealy's amended complaint under 28 U.S.C. § 1915 and § 1915A and dismiss any portion of the amended complaint that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. In doing so, I must accept Ealy's allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I conclude that the amended complaint still fails to state a claim upon which relief may be granted, so I will dismiss the amended complaint and direct the clerk of court to enter judgment.

## ANALYSIS

Ealy is suing defendants under 42 U.S.C. § 1983 for violating his constitutional rights. I construed his original complaint to assert failure-to-protect claims under the Eighth Amendment and retaliation claims under the First Amendment.[1] Dkt. 10. I take Ealy to be asserting the same two categories of claims in his amended complaint.

### A. Failure to protect

In certain circumstances, prison officials may violate the Eighth Amendment if they fail to protect a prisoner from violence at the hands of other prisoners. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). A failure-to-protect claim has two elements: (1) the plaintiff faced a substantial risk of serious harm; and (2) the defendants consciously disregarded that risk. *Id.* at 834. Conscious disregard means that the defendant was aware of facts that would support an inference that the inmate is at risk of serious harm, and the defendant actually drew that inference. *Id.* at 837.

In his original complaint, Ealy alleged that gang members have targeted him within Wisconsin's prison system for many years, including attempting to stab him in his cell at Waupun Correctional Institution in 2020. Ealy was granted a security transfer after that incident, but the problems have followed him from prison to prison. Ely alleged that he has received threats from gang members since transferring to WSPF. He also alleged that gang members have put substances in his food that have caused Ealy to experience "sensations" in his brain and "needle pains" in his feet and stomach. Dkt. 1.

---

[1] I also took Ealy to be asserting failure-to-accommodate claims under the Americans with Disabilities Act or the Rehabilitation Act in his original complaint. *See* Dkt. 10, at 7–9. But Ealy does not allege facts in his amended complaint suggesting that he is bringing disability claims, so I will not discuss that issue further.

When I screened Ealy's original complaint, I concluded that his allegations about threats from gang members were too vague to suggest a substantial risk of serious harm, because Ealy did not say who threatened him, when they threatened him, or what they said. Dkt. 10, at 5. Ealy's amended complaint and supporting materials don't fix this problem, because Ealy still makes only general allegations about receiving threats. For instance, he says that "lifers [are] threatening me," Dkt. 12, at 3, that he has anxiety about "random attacks based on threats to take my life," *Id.* at 7, and that he has been the subject of an "unwarranted/random and retaliatory gang violence pattern that has formed prison to prison." Dkt. 13, at 2. Without any specifics about the nature of the threats against him at WSPF, I cannot infer that Ealy is facing a substantial risk of serious harm that might support a failure-to-protect claim.

In the affidavit he attached to his amended complaint, Ealy does make one specific allegation about a safety issue. He explains that on June 3, 2026, WSPF experienced a "serious security breach" in which staff confiscated cellphones, sharp-edged weapons, and other contraband from several inmates. Dkt. 14, at 1. But Ealy doesn't say that any of the inmates involved in this incident had threatened him or that he was otherwise at greater risk than the general prison population because of this security breach. Nor does he allege that any of the defendants mishandled this incident; on the contrary, he says that security staff confiscated the contraband, which appears to have been the appropriate response. This allegation does not support a failure-to-protect claim either.

Ealy also renews his allegations that gang members are putting substances in his food in an attempt to poison him. I previously concluded that these allegations did not support a plausible inference that Ealy was at substantial risk of serious harm, because Ealy did not explain how he knew that there are substances in his food or that the "sensations" he

experienced in his brain, stomach, and feet were caused by the food. Dkt. 10, at 6. In the affidavit attached to his amended complaint, Ealy attempts to fix the problem, explaining that he "learned that the gang members who can't physically assault me changed their approach and started to put lethal dosage of poisons into my food while in General Population." Dkt. 14, at 2. Ealy also says that he "know[s] based on threats, attempts, and symptoms this gang has managed to smuggle in . . . lethal substances." *Id.* But Ealy still doesn't explain *how* he knows that gang members are putting poisons in his food or that his symptoms are caused by poison. Without that explanation, his theory that he is being poisoned is too speculative to support a plausible inference that he is at substantial risk of serious harm.

**B. Retaliation**

Ealy also contends that defendants violated the First Amendment by writing him conduct reports in retaliation for Ealy voicing concerns about his safety. His allegations in support of this claim are essentially the same as in his original complaint and they fail for the same reason. *See* Dkt. 10, at 6–7. Specifically, Ealy admits that he disobeyed orders and otherwise committed the misconduct for which he was disciplined. He cannot sustain a retaliation claim based on discipline that he admits was legitimate. *See Brown v. Phillips*, 801 F.3d 849, 855 (7th Cir. 2015); *see also Wright v. Funk*, 853 F. App'x 22, 24–25 (7th Cir. 2021).

Ealy argues that he had to disobey orders because he was concerned about his safety and defendants were not doing enough to protect him. But that's essentially another version of his failure-to-protect claim, and I have already determined that Ealy did not allege facts sufficient to support that claim. And even if Ealy believed that he needed to disobey orders to protect his safety, that does not suggest that the discipline he received as a result was retaliatory.

## CONCLUSION

When a plaintiff proceeds without counsel, the court of appeals has cautioned against dismissing his case without giving him a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). But leave to amend doesn't have to be granted if it's clear that further amendment would be futile. *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013). I gave Ealy an opportunity to amend the complaint along with instructions on how to complete that task. Ealy's amended complaint made few substantive changes to his claims, and his new allegations did not state any claims for relief. It's clear that further amendment would be futile, so I will dismiss the amended complaint with prejudice.

## ORDER

IT IS ORDERED that:

1. Plaintiff Lamonte Ealy's amended complaint, Dkt. 12, is DISMISSED with prejudice for failure to state a claim upon which relief may be granted.

2. The clerk of court is directed to enter judgment and close this case.

Entered November 2, 2026.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge